Defendant appellee on or about June 7, 1943, filed with the probate court of Wayne county in the matter of the estate of Maurice W. Abbott, a mentally incompetent person, his petition for reimbursement to the State from the estate of the incompetent for expenditures made by the State on behalf of the incompetent. The claim is for expenditures made in the period, September 23, 1939, to September 30, 1943 (part of the claim apparently being anticipatory), for maintenance of the incompetent at Eloise hospital. The probate court on November 10, 1943, allowed the State's claim of $811.39 and disallowed plaintiff's counterclaim and set-off. On appeal the circuit court affirmed the order of the probate court.
The incompetent, Maurice W. Abbott, was last committed to Eloise hospital by order of the probate judge of Wayne county on June 7, 1939, as a "public patient," at which time he was 46 years of age. He had no estate as of that date but subsequently acquired an estate by inheritance from his mother. On September 30, 1943, his whole estate comprised the sum of $959.96 cash and paid-up insurance in the amount of $1,395.50. In pursuance of an order of the probate court, the county of Wayne was reimbursed by payment of $271.64. Also, the State, as hereinafter mentioned, was paid $500.09 as reimbursement to the date of its former petition.
Plaintiff guardian claims that the State knew or should have known that since September 23, 1939, the ward performed useful personal work and services in the Eloise hospital of monetary value sufficient to set off and pay the charges and expenditures on account of the ward. Plaintiff guardian also claims that when a previous petition for reimbursement was allowed against the estate, the *Page 38 
guardian knew nothing of the performance of such work and services by the ward and as a result the amount of $500.09 was ordered paid without objection and was paid under a mistake of fact on the part of the guardian. On the hearing of the second petition the guardian appeared and objected to the allowance of the balance of the account, $811.39, and asked to be repaid or to have set off against the claim of the State the former payment of $500.09. Part of the claim of plaintiff is that his ward was deprived of the product of his labors without just compensation in violation of the Federal Constitution.
Defendant claims that the State cannot be subjected to set-off in the probate court proceedings, and further claims that the filing of a set-off is equivalent to the beginning of a suit against the State, which suit could only be instituted in the court of claims. Defendant further claims that the statute hereinafter cited forbids the inmate being paid money for services, and further claims that as a matter of fact the performance of the services and work by the ward was for therapeutic purposes, to keep the patient in better mental and physical condition, and further claims that as a matter of fact regardless of the statute the ward could have no claim for work performed in the institution.
The matter was heard in probate court. The probate court allowed the State's claim of $811.39, and directed the guardian to pay it. From this order the guardian appealed to the circuit court where the case was tried without a jury. The trial judge held that the labor of the incompetent was not compulsory and that it was a requirement for the benefit of the incompetent himself, that the superintendent of the Eloise hospital acted lawfully, *Page 39 
and that the inmate under these circumstances had no right to reimbursement. The guardian admits that he made no statement to the superintendent in which he refused to permit the ward to work.
We conclude that the incompetent was persuaded but not compelled to do the work described, which was the taking of articles of laundry as they came out of the mangle and folding them and placing them in form ready for use. According to the medical testimony this work had a therapeutic value for the patient, that it was better for him to be so employed than to be doing nothing. Such work afforded plaintiff no ground for compensation. In re Buxton's Estate, State Department of PublicWelfare v. Pearson, 246 Wis. 97 (16 N.W. [2d] 399). There is no ground for a charge of peonage.
No violation of the Federal Constitution was shown.
We conclude that the statute, 2 Comp. Laws 1929, § 6882, as amended by Act No. 104, Pub. Acts 1937 (Comp. Laws Supp. 1940, § 6882, Stat. Ann. 1944 Cum. Supp. § 14.805), forbade plaintiff's being paid. No reason is shown for refusing to apply this statute to the instant case and no reason for considering it inoperative or invalid as applied to the facts in this case. There was no contract of employment and no valid claim existing on behalf of the plaintiff against the State. It is therefore not necessary to decide whether such claim should be pleaded as a set-off or should only be presented in the court of claims.
The order appealed from is affirmed, with costs to defendant.
STARR, C.J., and NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, and BOYLES, JJ., concurred. *Page 40